**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1202**

CAPITAL FINANCE, LLC,

        Plaintiff – Appellee,

    v.

OSCAR ROSENBERG; JOSEF NEUMAN,

        Defendants – Appellants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:17-cv-02107-RDB)

Argued: September 11, 2020               Decided: September 21, 2020

Before KING, WYNN, and DIAZ, Circuit Judges.

Affirmed in part, reversed in part, and remanded with instructions by unpublished per curiam opinion.

**ARGUED:** Colin David Dougherty, FOX ROTHSCHILD LLP, Blue Bell, Pennsylvania, for Appellants. William J. Dorsey, BLANK ROME LLP, Chicago, Illinois, for Appellee. **ON BRIEF:** Jonathan D. Christman, Blue Bell, Pennsylvania, David Grant Crooks, C. Dunham Biles, FOX ROTHSCHILD LLP, Dallas, Texas, for Appellants. Paige B. Tinkham, KATTEN MUCHIN ROSENMAN LLP, Chicago, Illinois, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The defendants in this District of Maryland civil action, Oscar Rosenberg and Josef Neuman, appeal from the district court's Order and Judgment of January 23, 2019, in favor of plaintiff Capital Finance, LLC. *See Capital Finance, LLC v. Rosenberg*, No. 1:17-cv-02107 (D. Md. Jan. 23, 2019), ECF No. 106. Under the agreements at issue in these proceedings, Capital Finance provided a revolving line of credit to a group of healthcare facilities controlled by Rosenberg and Neuman, and each defendant served as a personal guarantor required to satisfy the borrower's payment and performance obligations in the event of a default plus, inter alia, fraud or other illegal conduct.

Following a two-day bench trial conducted in early January 2019, the district court — applying Maryland state law — entered judgment for Capital Finance on its breach of contract claim against Rosenberg and breach of contract, fraud, and conversion claims against Neuman. The court ordered the defendants to pay a total of $1,304,731.37 in actual damages and further ordered Neuman to pay $200,000.00 in punitive damages in relation to the fraud claim. The court's Memorandum Opinion of January 23, 2019 details the trial evidence and the findings of fact and conclusions of law underlying the judgment. *See Capital Finance, LLC v. Rosenberg*, No. 1:17-cv-02107 (D. Md. Jan. 23, 2019), ECF No. 105.

On appeal, the defendants contest the judgment as to each of Capital Finance's four claims and the punitive damages award. Having thoroughly reviewed the record and carefully considered the briefs and arguments of the parties, we are satisfied that the district

2

court properly entered judgment in favor of Capital Finance on the breach of contract and fraud claims. We are also convinced that the punitive damages award is appropriate.

We are constrained to conclude, however, that the district court erred in entering judgment for Capital Finance on the conversion claim, which is premised on the theory that Neuman wrongfully diverted funds. Simply put, Capital Finance has failed to demonstrate that the diverted funds are "specifically identifiable enough to be the subject of a conversion claim." *See Allied Inv. Corp. v. Jasen*, 731 A.2d 957, 966-67 (Md. 1999) (recognizing only a narrow exception to Maryland's "general rule . . . that monies are intangible and, therefore, not subject to a claim for conversion").

Pursuant to the foregoing, we affirm the judgment as to the breach of contract and fraud claims, as well as the punitive damages award. But we reverse the judgment as to the conversion claim. We remand to the district court with instructions to enter an amended judgment in conformance with this opinion.

*AFFIRMED IN PART, REVERSED IN PART,*
*AND REMANDED WITH INSTRUCTIONS*